UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
JUNE 10, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| CHARMANE SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 21-1426 (UNA) |
| UNITED STATES POSTAL SERVICE *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

The plaintiff, appearing *pro se*, has filed a civil complaint, Dkt. 1, and an application to proceed *in forma pauperis*, Dkt. 2. The Court will grant the application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The plaintiff is a resident of Memphis, Tennessee, who sues the United States Postal Service for $100 million. She alleges that "[r]ecently" the Postal Service "damaged a Christmas Card and a $50.00 Money Order" that she mailed to her father as a gift, and "over several years" her "mail orders have not been fulfilled due to online criminals hacking [of] the Postal Service." Compl. at 3. The plaintiff blames "Computer Hackers that have breached the U.S. Postal System" for interfering with her life and livelihood since July 2004. *Id.*; *see also id.* (alleging thwarted "attempts to further my education, apply for jobs, start a business, market products, litigate, and contact the U.S. Courts and attorneys").

The U.S. Postal Service is "an independent establishment of the executive branch of the Government of the United States[.]" 39 U.S.C. § 201. As such, it "enjoys federal sovereign

1

immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).  The plaintiff invokes the Federal Tort Claims Act ("FTCA") and 39 U.S.C. § 409, titled "Suits by and against the Postal Service."  Compl. at 4.  But neither provides a basis for exercising jurisdiction over this case.

The FTCA waives the United States' immunity for certain claims "under circumstances where the United States, if a private person, would be liable to the claimant" under the law of the State "where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *see Dolan*, 546 U.S. at 485 (noting that "the United States may be liable if postal employees commit torts under local law, but not for claims defined by [an FTCA] exception").  The FTCA excepts from the waiver "[a]ny claim [for money damages] arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Further, § 409(c) of Title 39 states unequivocally that the "provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service."

Here, the essence of the plaintiff's claim against the Postal Service is that it lost, miscarried, or negligently transmitted the plaintiff's mail.  Neither the FTCA nor § 409 waive the government's sovereign immunity for such a claim.  *See Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 242 (D.D.C. 2011).  Therefore, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

Date: June 10, 2021